Thank you, Your Honor. I'm Daniel Kaplan. I represent the appellant Roman Wroclawski, and I'm going to watch the clock and try to reserve five minutes for rebuttal. With the Court's indulgence, I just want to start with a very brief analogy. If the government were to come to you and say they have a calculator they want to sell you, and you took the calculator and did a quick calculation and came up with the answer 20, and you said to yourself, well, it's a plausible answer, I suppose it's probably right, but I'll run it again just to be sure. And you ran the same calculation, and you came up with the answer 25, and you were to say to the government, what's the deal here? And the government were to say, well, at least you know it's 20 or higher. I suspect your response would not be to say, well, it's good enough for government work, I'll take it. I think you would take the calculator, hand it back to the government and say try again. Now, the point of that is that we have a record on the crucial issue under the treaty, Article 8, of the running of the Polish limitations period that is a mess. And it's not in a state where any sound conclusions can truly be drawn that are adequate to justify allowing Mr. Wyslowski to be extradited to Poland. There are two crucial findings or conclusions about the functioning of Polish law, either one of which, if it is not adequately supported, brings down the structure the government attempted to build in the extradition court to show the limitations period in Poland was still running. The two things are, number one, whether the alleged embezzlement offenses qualified under Polish law as continual offenses. And number two, whether this document called a decision on presentation of charges issued in 1994 served under Article 106 of the 1969 Polish Code to, quote, commence the proceedings. Now, neither of those factors, neither of those conclusions was ever adequately supported. And if you just look at the way the various decision makers analyzed them, you can see what a mess this is. The magistrate judge said she was applying both of those things, that it was continual offense, that that decision on presentation did commence the proceedings. She came up with the answer, 2019. The district judge also said she was applying both of those things, continual offense, and the decision on presentation commenced proceedings. She came up with the answer, 2014. Now we have the Polish prosecutor who submitted a letter in 2008, which was supposed to explain how the limitations process worked, why it hadn't already run. And what did he do? Well, we don't even know what he did. The government appears to be of two minds about it. He wrote a letter which said it's Article 101, Item 3, in connection with the continual offense provision, Article 58. He used the exact same verbiage to refer to the commencement of proceedings in connection with that. In a pleading that the government filed below in the district court, the government acknowledged, this is from page 2095 of the record, quote, the Polish prosecutor did not use the continual offense designation in calculating the statute of limitations. This is a factual determination that we're reviewing, isn't it? Well, it's a quasi-factual determination. In Quinn v. Robinson, the Court noted that the magistrate judge's determinations in a case like this, in an extradition proceeding, are not classic factual determinations. I'm a little confused here as to which one I'm to look at. The magistrate judge is a judicial officer, but they aren't an Article 3 officer, judicial officer. And the magistrate judge had one role to play. But the one we're looking at now is the role the district judge played. We wouldn't care whether there's inconsistency between the district judge and the magistrate judge. We would look to what the district court judge did. So you can find a lot of inconsistencies in record and testimony. But the question, it seems to me, is, is the determination by the district judge reversible? Correct. But tell me where the district judge should be reversed based upon the evidence and the law that was before the district judge. I just want to note the approach that you've outlined is perfectly rational. But this Court in Quinn v. Robinson, the Court stated there's a whole analysis of proper review in this context. And in Quinn v. Robinson, the Court said it doesn't make sense to really be reviewing determinations by the district court. We should really look directly to the determinations by the magistrate court. So although it's perfectly rational, it doesn't seem to be consistent with Quinn v. Robinson, what you just said. But I don't think it's crucial to the issue that I'm raising, because my point is, you have two very capable, very qualified, experienced decision-makers who have tried to take what the Polish ---- sorry? I understand what you're saying, but I don't understand. Maybe I have to go back and read the Quinn case, but I don't understand why we would consider a magistrate judge's position when the district court has made a decision. We never do. Maybe there's some reason for that. But weren't they involved in two different purposes? No, they were analyzing the exact same question, which is whether the government had met its burden to show that the limitations period was still running under Polish law based on the materials the government presented. And then the magistrate judge's ultimate responsibilities were issued or warned? If she finds extradition proper under the treaty. And then the review takes place in the district court. Correct. On a petition for habeas corpus. Well, I'll reread Quinn. I'll try and give it due deference. Understood, Your Honor. Can I go back? I know what you're trying to say, or what you are saying to us, is that various people ultimately calculated the years for the statute of limitations differently. But maybe I'm oversimplifying this. But the way it seems to me, under anybody's calculation, if you have both commencement and the crimes continual, the statute of limitations has not run. So whichever statute you're looking at, however you come out in your final calculation, if you have both of those things, the statute hasn't run. If you're missing one of them, the statute's run. So I guess I want to know, what's wrong with the decision that the statute that the Polish authorities commenced the proceeding, whatever that means in Poland. You say, well, this is nothing more than a press release. But it's a document that continually gets updated and amended. It doesn't look like a press release. And so the finding was, well, that's a commencement. And then I didn't see anything that says continual means anything other than kind of a repeated crime. That's what I thought the record showed, that both of those things happened, and under anybody's calculations, you got both, statute hasn't run. Now, where am I wrong? With all due respect, Your Honor. I'm totally wrong on everything. Wrong on everything, absolutely. I'll start with the second one, the continual offense, because I think it's a very straightforward answer. We can draw perfectly reasonable conclusions speculating on what the Polish government provided about what the meaning of Polish law is. But our speculations, assuming we're all as ignorant as I certainly am about Polish law, are no match for what a Polish prosecutor, who's an expert in Polish law, says. And as I just noted, the government acknowledged below, the Polish prosecutor evidently did not find this to be a continual offense. Well, he may have had an issue about how he was describing the statute of limitations, but when he was describing the crime charged, he described it as a continual offense. Hughes' letter, it says, This is an offense under Article 204, paragraph 2 of the Criminal Code of 1969, plain theft, six months to five years, in connection with Article 58 of the Criminal Code of 1969, which is a continual offense and boosts the sentence by 50 percent to seven and a half years. Now, he's saying this is a continual offense. Well, just looking at that language, you might think that. But the fact of the matter is, the way the limitations calculation – I'm sorry. The point is, if you look at the statute of limitations, it's a continual offense. It's charged as such. And if the 2005 amendments take effect because the statute of limitations has not run by the time of 2009, which was the original statute of limitations, then his calculation that the prosecution is – stops at March 7, 2014, is flat wrong. And the calculation at 2019 is right. But, I mean, prosecutors sometimes make mistakes. That doesn't mean that their charge was not for a continual crime. Don't forget, they said it was a continual crime repeatedly in several letters. Right? No. I don't agree with that. What they do is they use this language in connection with Article 58. But if you look three lines down from that part of the letter you're citing, he says the legal basis for the charges article – for the limitations is Article 101, paragraph 1, item 3. Now, item 3 would only apply if it's not a continual offense. Right. And it's exactly what I said before. It seems as if he made a mistake when he was talking about the statute of limitations. And when he talked about what was being charged, the sentence about what was being charged, he said continual. Well – So if he – I mean, it seemed very odd that he would think he was charging a continual crime and say continual and not mean continual. And I can make – I can make an educated guess. My educated guess is that the – in connection with Article 58 is boilerplate. Some prosecutors in this country will routinely put Article – Section 2, aiding and abetting. When the finder of fact says – I have a document here that says crime being charged is continual. And the finder of fact says that supports the conclusion that the finding of fact is continual. It's hard for me to say that was an error of fact which was clear and which we should overturn. When the only basis is documents provided by a Polish legal expert who appears to be saying the opposite, that's clearly your argument. I understand your argument. But he's not saying the opposite. Besides that letter in 2008, which we've just been reading from, we have the 2006 Polish prosecutor's letter and the 2005 decision of provisional arrest which also mentions that this is a continual offense, Article 58. So we have three pieces of evidence saying directly this is Article 58 charge and some very potent circumstantial evidence showing a miscalculation based on a 58 charge. It shouldn't be 2014. It should be 2019. How can we say, to follow up on what Brother Wallace said a moment ago, as a scope of review, how can we say that the magistrate was clearly erroneous when he had three pieces of direct evidence of continual charge and one piece of circumstantial evidence which shows that the calculation was incorrect and therefore it couldn't be a continual charge? The one piece that contradicts whether it's treated as a continual offense is the one piece that bears directly on the statute of limitations issue. This is the language where he says this is legal, legal basis, his words, legal basis for my limitations calculation, and then he cites what applies if it's not a continual offense. Let me ask you something else which intrigued me about this case, and I don't know if you've thought about it. Mr. Raklowski left Poland in 1994. I believe he was here shortly after the last date mentioned in March 1994. There's no evidence that he knows that any of these charges are taking place. If he were notified, he might have an opportunity to marshal evidence witnesses to disprove the charges. The first he knows about these charges, as far as the record indicates, is 2006, 12 years later. By that time, people have died, moved, gone away. Is this a case where prosecution should not take place because of the amount of time that's gone by that has prejudiced the defendant? I believe it is, Your Honor. You don't argue that in your briefs. Well, the government responds with case law to the effect that a concern like that should be raised before the Secretary of State. If necessary, we'll certainly try and raise that before the Secretary of State. But we have raised a due process claim. We are arguing it's fundamentally unfair to extradite Mr. Raklowski. And the magistrate judge shared your concern. In a footnote in her opinion, in her report and recommendations, she said, I am highly concerned by the 11-year delay of the Polish government to actually start taking action on the prosecution of these alleged assassins. We have some Second Circuit cases involving sealed indictments where the sealed indictment is sealed for maybe 14 years. And then it's filed in time to stop the running of the five-year statute, but it's not served. There's no arrest made. It's not unsealed for so many years. And the absent an explanation why it wasn't notified to the defendants, we have cases where prosecutions have been dismissed. And I'm wondering if that is not something with which we should deal in this case. I think it would be appropriate to deal with that, Your Honor. And I will reserve the balance of my time. Thank you, Your Honor. May it please the Court. My name is Carla Hodes DeLore representing the government. Could you please address that last question? Is there anything in the record which I've missed which indicates that Mr. Raklowski was told at any time before 2006 that these proceedings in Poland were taking place? I would have to check the record, Your Honor. But I would have to double-check the record to see if there is any evidence of that. I know there was correspondence between Mr. Raklowski and Poland. He had sent him excerpts of a book, things back and forth between the prosecutor's office. But whether or not he was aware of any proceedings against him, I don't know. I would have to check the record. It struck me as rather odd. Pardon me for injecting some personal reflection into this. But it seemed rather odd that for a supposed continual embezzlement by petty theft of $12,000 of merchandise, Adidas clothing and some electronic equipment, there should be this extradition proceeding. Is there something else that I'm missing in this case? Well, Your Honor, you are overlooking the fact that when the original complaint was filed, count one of the complaint actually was a bank fraud charge. And that bank fraud charge was a substantial amount of money. But the magistrate was found to be totally unproven by the magistrate and was dismissed as a cause of extradition. Correct. But when Poland initially sought the complaint, they did have it on more than just the embezzlement. They were also seeking the bank fraud charge, which was a substantial amount of money. But I wanted to address your question because the – in dealing with extradition proceedings, the – when interpreting an extradition treaty, the extradition court must construe it liberally and in favor of extradition, and that's because the United States has an obligation to uphold its obligations under a treaty agreement with another country. And that is what the United States is trying to do here. It's trying to uphold its obligation to Poland to extradite people when Poland has requested them and there's probable cause for that extradition. And questions about fairness, lapse of times and anything are not for this Court. They are concerns for the Secretary of State. This Court's decision – This Court's decision is not for this Court. There's a shortage of it around and it can only be handed out by the Secretary of State? In – no, the – it's very limited. The – what this Court is allowed to review in an extradition context is very limited and it's narrowly subscribed and that's set out by the nature of extradition proceedings, the statutes and the review thereof. The – that's what I didn't get exactly. If habeas normally involves constitution and due process, but the cases say this is all you do. I'm just – I didn't understand how this fits with ordinary constitutional rights. You know, I'm thinking, well, maybe these cases are talking about a normal case. I don't know. Maybe – but how is it that extradition treaties limit constitutional rights? It's – it's different in this respect because extradition treaties are akin to a preliminary hearing and a probable cause determination. We're not adjudicating guilt or innocence. All we're determining is, is there a probable cause based on what's been presented by the – by the – by the requesting state as to certify probable cause to extradite the person for them to go back and face the charges against them. Giving – I take your point. Yes. But if there's a 14-year lapse in notifying the defendant that he's being sought in a criminal case, right, a motion to dismiss the indictment even before a preliminary hearing lies. So constitutional rights exist at preliminary hearings and in pretrial matters, right? Yes, I do understand that. To answer Judge Rustani's question, which is, do we have sort of due process light in – in extradition proceedings? Is it a different type of due process? Yes. It is in the sense that it's not an adjudication of guilt or innocence. All it is is a probable cause determination to extradite him. He had his extradition hearing. He was represented by counsel. They presented the evidence. Based on what the extradition court is limited to determining, are there charges to – are – is there evidence presented to support probable cause to extradite the magistrate judge? That's – that's all her function. And she looked at the evidence presented and said, yes, there are – there's probable cause does exist as to counts two and three to extradite you. Now, like I said, if questions of fairness, treatment, lapse of time, those are for the Secretary of State. That is still – Not if – if lapse of time effects a violation of due process. Here, there – here, the charges meet the statute of limitations as the – I don't doubt that, although it's miscalculated. But the question is on delay of notification of the defendant so that he can prepare a defense, right? It doesn't have to do with statute of limitations. Forget the 1969 code. Forget the 1997 code, right? Right. But think about the due process in the United States Fifth Amendment, right? Now, if his right to hear about, face the charges, and defend against them is a basic constitutional right of anybody, an American citizen or a foreign citizen in the United States, that right can be exercised in advance of a preliminary hearing by motion to dismiss or can be raised at an extradition hearing. Can it not? The – Do you have a case that says it can't? I have – off the top of my head, I do not have a case that says it has. And I would, like I said, if – I would be more than happy to do supplemental briefing on that issue and look at the record to see if, in fact, he did have notification before the 2006 request to see if he did have any of that about the charges facing him. But – Why don't we take that as an answer and go to your other points? Okay. But like I said, in the extradition context, again, I'm just going to repeat it again. In the extradition context, Judge Wallace had it correct in that when he originally stated this Court's duty right now is just to review the district court's decision. And reviewing the district court's decision, the district court was correct in denying Petitioner's habeas petition. Because the Petitioner's offenses, as the magistrate judge and the district court found, Petitioner's offenses satisfied Article II of the treaty, the dual criminality, and it also satisfied Article VIII. And I was trying to get the answer out of you as to how this fits into constitutional due process. And I take it the answer is that he does not have a right to avoid extradition if the extradition treaty is satisfied, that there is no right, and that – so that he doesn't have a constitutional right which is being violated. I thought that's what you were going to tell me. Well, I agree with that assessment. Okay. I agree with that assessment. And he was given all the process due by having the hearing, being represented, and now having further review by the district court and now this Court. With respect to the statute of limitations question, the magistrate, both the magistrate and the district court, neither of their decisions were clearly erroneous with regard to the statute of limitations. And Judge Bea mentioned the pieces of evidence that talked about the continual offenses. And I just wanted to point out to the Court that there is also additional evidence that these are continual offenses. And that is the decision on presentation dated December of 1994. Specifically, that decision states that they decided to charge Mr. Wreslowski in the period from April 28, 1993, to March 7, 1994, quote, acting in conditions of continual offense. That's on the excerpts of record, page 2057. In addition, the September 6, 2005 decision on amendment located at excerpts of record 2069 states that, again, they charged him with the period April 1993 through March 7, 1994, quote, in short time intervals. So those two decisions on presentation, plus those decisions cite to Article 58, the continual offense, in addition to the prosecutor's 2008 letter citing to the Article 58, also indicates the continual nature. I understand. The continual offenses mean more than one count of an act during a period of time. Right. Correct. Like continuing on different times. Yes. Correct. So the — with respect to Petitioner's argument that the prosecutor intended for it to be a noncontinual offense by the fact that he cited to Article — to Article 1, Item 3, as opposed to Article 2A, the important thing is the prosecutor cited to Article 58. In addition, the prosecutor might have cited to Article — Item 3 of Article 101 because that Item 3 corresponds with just the underlying charge for embezzlement. In Article 204, it says the crime of embezzlement has a punishment of six months to five years. And maybe that is why the prosecutor cited Item 3 as opposed to 2A. But regardless, under either calculation, continual or even noncontinual, he meets the statute of limitations in that case. With respect to dual criminality, the — both the magistrate and the district court found that his offenses did meet the dual criminality requirement in that they were both punishable in the United States and in Poland by more than one year. And this — that the statute of limitations, there is no requirement that it is still running in the United States in order for him to be extraditable on that basis. If the court doesn't have any other further questions, I would just ask that this court affirm the district court's denial of the habeas petition. And in accordance with the government's request to expedite this oral argument, given the fact that the statute of limitations is running in Poland, the government respectfully requests that the court also expedite its decision in this case. Because as Petitioner has said, if necessary, he is going to continue review with an en banc court of this court if the decision comes out against him, review with the Supreme Court, and also review with the Secretary of State, all of which is going to take a lot of time, and the statute of limitations, according to Poland, is going to run in 2014. Thank you. You don't think the statute of limitations runs in 2019? At the most conservative, it runs in 2014. I believe it runs — going with the most conservative approach, it runs in 2014. But I agree with the magistrate judge and the district court judge that it actually is a continual offense and runs in 2019. And on that note — The magistrate found 2019. I think the district court judge found 2014. Yes. And I found out, and I looked carefully at the district court's decision, and I think I understand the discrepancy between how they got to those two decisions. And the fact is this. The magistrate judge and the district court judge did the analysis the exact same as if they were continual offenses, exactly the same, except for the very last line of the district court's decision. And she said that the 2005 amendments applied and the new statute of limitations under the 2005 amendments applied. And she said Article 102 of the 2005 amendments applied. Therefore, the statute of limitations is extended from 5 years to 10 years. And that's how she came up with 2014. In contrast, the magistrate judge just added 10 years. So the district court went from 5 to 10 years. That's how she only got a 5-year difference, and the magistrate added 10 years. I thought the magistrate started with 2005 amendments at 15 years, and then because of the commencement of proceedings, added another 10 years. Or 25 years. Exactly. The magistrate added 10 years at the end. The district court, she was on the exact same analysis as the magistrate, but instead of adding 10 years, she just said its statute of limitations is extended from 5 years to 10 years. So she recognized the 10 years, but instead of adding the full 10 years, she only added, for some reason, 5 years. And I don't understand how she read it like that, and maybe the Polish prosecutor read it the same way, but in any event, the statute of limitations still hasn't run. So at the most conservative, it runs in 2014. Okay. Thank you. Counsel, two minutes of rebuttal. The government doesn't understand why the calculator gives you the answer it does, but it still wants you to buy it and let a man's liberty depend on how reliably it functions. I want to draw the Court's attention to something which I think Judge Bea will find interesting. In the record at page 555 in the Polish documentation, it says, with respect to these decisions on presentation and amendment, these decisions have not been announced to the suspect in view of his absconding from the law enforcement authorities. Now, we know from the record and what the magistrate judge found, this is ridiculous. She found, and it's in her report and recommendation, that they knew Mr. Wyslowski's presence in the United States, they knew his address, he exchanged letters with Polish government officials. There is simply no basis for that. And in respect to the question of the due process issues that the panel is raising, I refer to the Court to a case cited approvingly in our briefs, which is In re Burt, a Seventh Circuit case, 737 F. 2nd, 1477. And in that case, the Seventh Circuit decided that it was appropriate to address and it did address the merits of a due process claim in this context, same procedural context, that related to improper delay in making the extradition request. Now, they didn't rule in favor of it, but they addressed it and they decided it. And the same issue is appropriate to address and decide in this case, I think, with the opposite result. Another way I think it would be appropriate. Kennedy. Is there any evidence in the record which would show that the delay in commencement of the prosecution or the notification of the prosecution to Mr. Wyslowski caused him any prejudice? Is there any indication that witnesses in Lublow, in Poland, could have come forward to exonerate him from the charges and are no longer there? Well, I would say the closest we have to that is evidence that the witnesses' stories changed continually. If you see, there's a number of interviews that are summarized, and they kept changing and remembering different things and contradicting themselves. And, of course, that process continues for 11 years. It's not going to get better. It's going to get much, much worse. I want to cite the Court to a case from this Court called Kaplan v. Vokes, 649 F. 2nd, 1336. In that case, the Court held that the government failed to carry its burden of showing what it had to show under the treaty in the extradition matter and on habeas review that it was necessary to bar extradition on those things the government failed to properly prove. So, in other words, it's not appropriate to just clean up the mess of the government and assume everything, assume away all the gaps and problems. I thought your due process claims here were not the kind we were talking about based on delay of Polish officials. I thought they were based on not getting enough documents and the magistrate or district court judge not having enough basis for what they did. I don't remember anything in your papers saying there was a due process violation because of delay. And now you tell me there's a case you cited for that proposition? Well, I'm telling you I cited a case that does support that proposition, but I don't dispute what you just said. And for what purpose did you cite that case? I cited it because the government disputed the fact that there was any due process right that could be raised in this context. And they cited a 1925 Supreme Court decision in which the Supreme Court seemed to say that. My point in citing Burt was that that Supreme Court decision is outdated and has been recognized as such by other courts. I want to mention one more thing in respect to the issue of delay in making this prosecution and making this extradition request. The delay, I think, should accumulate with other reasons not to give too much benefit of the doubt to the Polish extradition request here, because the delay is on top of the fact that they brought a major charge that was based on pure speculation and was thrown out by the magistrate. It's also on top of the fact that they provided a framework for trying to analyze the statute of limitations, which a number of Article III and Article I judges and myself and the government's attorney have not had great success in clearly figuring out exactly what happened. And with that much doubt and confusion in the air, it's not appropriate to take Mr. Ruslowski out of this country and away from his family. Thank you very much. Thank you. The case of Roklowski v. Clinton will be considered submitted. And that will end our session for today. The court is adjourned.
judges: Restani, Wallace, Bea